IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BARRINGTON M. HAMILTON,<br>A/K/A JAAME AMUN RE EL,<br><br>Defendant. | CRIMINAL ACTION FILE NO.<br>1:16-cr-0072-AT-JKL-1 |

## **ORDER AND REPORT AND RECOMMENDATION**

Defendant Barrington Hamilton a/k/a Jaame Amun Re El ("Defendant") is charged with conspiracy to commit bank fraud in violation of 18 U.S.C. § 1349 (Count 1), bank fraud in violation of 18 U.S.C. §§ 1344 & 2 (Counts 2-5), structuring in violation of 31 U.S.C. § 5324 (Counts 6-10), and retaliating against a federal officer by false claim in violation of 18 U.S.C. § 1521 (Count 11). (*See generally* Indictment [Doc. 1].) Defendant's co-defendant, Curtis Stuart, has also been indicted on Counts 1 through 5. (*Id.* at 1-4.)

Defendant, who is proceeding *pro se*, has filed the following pretrial motions:

- Motion for Severance for Alleged "Known and Unknown Others" in the Issued Indictment [Doc. 67];

- Motion for Bill of Particulars [Doc. 53];

1

- Motion to Release Third-Party Electronic Device Items [Doc. 40];

- Amended Motion for Return of Third-Party Seized Property [Doc. 51];

- Writ in the Nature of a Motion to Dismiss Government Agents- Assistant U.S. Attorney Lynsey M. Barron and U.S. Attorney John A. Horn's Opinions With Prejudice [Doc. 48];

- Second Motion to Dismiss or Discharge With Prejudice [Doc. 68]; and

- Motion to Allow Participation in Voir Dire [Doc. 72].

The government has responded to the motions [Doc. 78], Defendant has filed a reply [Doc. 83], and the government has filed a surreply [Doc. 85.].[1] Defendant's motions are now ripe for consideration.

## I. DISCUSSION

### A. Motion for Severance for Alleged "Known and Unknown Others" in the Issued Indictment [Doc. 67]

Defendant moves for severance from co-defendant Stuart and the "known and unknown" unindicted co-conspirators referred to in the Indictment. [Doc. 67 at 1.] The basis for his request is that he "denies any and all direct ties to said alleged 'known and unknown others', to which no relationship exists." [*Id.*]

---

[1] Because Defendant raised new arguments in his reply, I requested the government to file a surreply addressing those arguments. [Doc. 84.]

Defendant's motion implicates two rules: Federal Rule of Criminal Procedure 8, which provides for joinder of defendants, and Rule 14, which pertains to severance of defendants at trial. Defendant is not entitled to relief under either rule.

Rule 8(b) provides:

> **Joinder of Defendants**. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). In determining whether joinder is appropriate under Rule 8(b), the Court looks to whether the charges are united by some "substantial identity of facts and/or participants." *United States v. Morales*, 868 F.2d 1562, 1569 (11th Cir. 1989). (citations omitted). This is done by examining the allegations contained in the indictment. *United States v. Liss*, 265 F.3d 1220, 1228 (11th Cir. 2001).

Rule 14 provides for relief from prejudicial joinder where joinder is proper under Rule 8(b). *Morales*, 868 F.2d at 1567. Severance may be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about

guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). As the party seeking severance, Defendant bears a heavy burden of demonstrating that "a joint trial will result in specific and compelling prejudice to the conduct of his defense" and that no other remedy short of severance would be appropriate. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997) (quotation omitted); *United States v. Lopez*, 649 F.3d 1222, 1234 (11th Cir. 2011) ("To show compelling prejudice, a defendant must establish that a joint trial would actually prejudice the defendant and that a severance is the only proper remedy for that prejudice—jury instructions or some other remedy short of severance will not work.").

In addition, as a general rule, defendants who are jointly indicted should be tried together. *See Morales*, 868 F.2d at 1571; *see also Puiatti v. McNeil*, 626 F.3d 1283, 1309 (11th Cir. 2010) ("The general rule or preference is that defendants indicted together should be tried together."). The rule also applies to coconspirators. *United States v. Chavez*, 584 F.3d 1354, 1359-60 (11th Cir. 2009) (Rule 8(b) "permits the joinder of Defendants in the same indictment 'if they are alleged to have participated in the same act or transaction,' and the general rule is that Defendants indicted together should be tried together, especially in conspiracy cases"); *United States v. Browne*, 505 F.3d 1229, 1268 (11th Cir. 2007) (denying

4

severance under Rule 14); *United States v. Leavitt*, 878 F.2d 1329, 1340 (11th Cir. 1989) ("In a conspiracy case, coconspirators should usually be tried together; the fact that a defendant only participated in one aspect of the conspiracy does not by itself warrant severance.").

Here, the Indictment alleges that Defendant and Stuart were coconspirators in a bank fraud scheme in which they stole checks payable to corporate entities, opened bank accounts at financial intuitions in the names of the payees of the stolen checks, deposited the stolen checks into the newly-opened accounts, and then quickly withdrew the funds. (Indictment ¶¶ 1-6.) The Indictment further alleges that Defendant and Stuart, in furtherance of the scheme, engaged in four transactions in which they stole a total of $770,475.31 from four financial institutions. (*Id.* ¶¶ 8-9.) Since Defendant and Stuart "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses," joinder under Rule 8(b) is proper.

Since joinder is appropriate in this case, I next consider whether severance is warranted under Rule 14. I conclude that it is not. Defendant has not made a showing that a joint trial with co-defendant Stuart would actually prejudice him or that other remedies short of severance (such as jury instructions) would not work.

*See Lopez*, 649 F.3d at 1234. Likewise, Defendant's request that his trial be severed from individuals who are either unindicted or unknown is not ripe because those individuals are not defendants in this action. *See* Fed. R. Crim. P. 14 (authorizing severance of "***defendants'*** trials") (emphasis added). The fact that Defendant summarily denies that he has "direct ties" to Stuart or any other individual is an issue of fact for trial; it is not a basis for severance.

For these reasons, I **RECOMMEND** that Defendant's Motion to Sever [Doc. 67] be **DENIED**.

### B.  Motion for Bill of Particulars [Doc. 53]

In Defendant's Motion for Bill of Particulars, he asks the government to identify (1) the other conspirators in Count 1 of the Indictment, (2) the other aiders and abettors in Counts 2-5 of the Indictment, and (3) the victim referred to as "S.F." in Count 11 of the Indictment. [Doc. 53 at 2-3.] In response, the government directs Defendant to specific documents produced in discovery where he can identify those individuals. [Doc. 78 at 2.]

"The purpose of a bill of particulars is to inform the defendant of the charge[s] against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Cole*, 755 F.2d

748, 760 (11th Cir. 1985). A bill of particulars may not be used for the purpose of obtaining detailed disclosure of the government's case or evidence in advance of trial. *See United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973). "Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection." *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986), *modified on other grounds by*, 801 F.2d 378 (11th Cir. 1986).

The government has directed Defendant to particular documents produced in discovery where Defendant can find the information that he seeks. In his reply, Defendant states that he does not know those individuals, but he does not dispute that the government has provided him with information that permits him to identify them. [Doc. 83 at 1.] Whether or not Defendant knows the individuals is beside the point—it is clear that he has been provided the identity of the individuals identified in the Indictment. I am satisfied that Defendant has sufficient information to allow him to prepare his defense and minimize surprise to him at trial. Defendant's Motion for Bill of Particulars is therefore **DENIED.**

## C. Motion to Release Third-Party Electronic Device Items and Amended Motion for Return of Third-Party Seized Property [Docs. 40 & 51]

Defendant moves for the return of "3 computers, 2 discs, [and his] roommate[']s IRS folder" that the government seized during the execution of a search warrant at Defendant's residence. [Doc. 51 at 1; *see* Doc. 40 at 1-2.] According to Defendant, these devices belong to his roommate, Shtoolah El. [Doc. 40 at 1; Doc. 51 at 1.]

Federal Rule of Criminal Procedure 41(g) allows a person aggrieved by the deprivation of his property to file a motion for return of that property even if the initial seizure was lawful. But "[i]n order for an owner of property to invoke Rule 41(g), he must show that he had a possessory interest in the property seized by the government." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).

It is clear from Defendant's motions for the return of property that the specific property he seeks to recover belongs to a third party. [*See* Doc. 40 at 1; Doc. 51 at 1.] Defendant therefore lacks standing to seek the return of this material.[2] Accordingly, I **RECOMMEND** that the Motion to Release Third-Party

---

[2] In his reply, Defendant contends that the agent executing the search warrant for the residence failed to provide the warrant for inspection when Defendant requested it. [Doc. 83 at 2.] To the extent that Defendant contends that he was entitled to view the warrant before it was executed, the argument fails because neither the Fourth Amendment nor Federal Rule of Criminal Procedure 41

8

Electronic Device Items and Amended Motion for Return of Third-Party Seized Property [Docs. 40 & 51] be **DENIED**.[3]

> **D. Writ in the Nature of a Motion to Dismiss Government Agents- Assistant U.S. Attorney Lynsey M. Barron and U.S. Attorney John A. Horn's Opinions With Prejudice and Second Motion to Dismiss or Discharge With Prejudice [Docs. 48 & 68]**

Defendant has filed two motions to dismiss, styled as a "Writ in the Nature of a Motion to Dismiss Government Agents – Assistant U.S. Attorney Lynsey M. Barron and U.S. Attorney John A. Horn's Opinions with Prejudice" [Doc. 48] and a "Second Motion to Dismiss or Discharge With Prejudice" [Doc. 68]. At the pretrial conference in this case, Defendant also filed an "Affidavit in Support of

---

requires the executing officer to present a copy of the search warrant to the property owner before conducting the search. *See United States v. Grubbs*, 547 U.S. 90, 98-99 (2006); *see also* Fed. R. Civ. P. 41(f). In addition, the factual basis of Defendant's contention—that he was present when the search occurred—is incorrect. Defendant was in custody at the time the government obtained the search warrant and executed the search; thus, he was not at the residence when it was searched and could not have demanded inspection of the search warrant. [*See* Doc. 79 at 36-37, 49 (testimony from detention hearing indicating that Defendant was arrested at approximately 9:00 a.m. on February 24, 2016, and that the government obtained a search warrant later in the day); *see also* Doc. 78-1 at 1 (reflecting search warrant was issued at 4:45 p.m. on February 24, 2016).]

[3] In his reply brief, Defendant contends that his due process rights were violated because the government obtained a warrant to search electronic devices seized from his residence without his knowledge. [Doc. 83 at 3.] A defendant has no right, however, to prior notice that the government has applied for or obtained a search warrant. *See generally* Fed. R. Crim. P. 41 (providing only for notice of the warrant following execution).

9

Second Motion to Dismiss or Discharge . . . ." [Doc. 71.] While Defendant's motions are oftentimes difficult to follow, I have identified and considered the following arguments, and I conclude that none warrants dismissal of the Indictment.[4]

To the extent that Defendant contends that the government is relying on untrue facts in the Indictment or that the evidence is insufficient to support the charges, those defenses may be presented at trial rather than at this stage of the proceedings. The purpose of a trial is to determine whether the defendant is guilty of the crimes charged—a district court is not authorized to dismiss an indictment prior to trial on grounds of insufficiency of evidence. *United States v. Salgado*, No. 1:10-CR-251-TWT-AJB, 2012 WL 1080146, at *12 (N.D. Ga. Mar. 12, 2012), report and recommendation adopted, 2012 WL 1079957 (N.D. Ga. Mar. 30, 2012); *see also United States v. Jones*, No. 1:05-CR-617-WSD, 2007 WL 2071267, at *8 (N.D. Ga. July 19, 2007) ("[A]n indictment cannot be dismissed on a pretrial motion simply because the defendant asserts his innocence of the charges."). At trial, Defendant will be given an opportunity to cross-examine government

---

[4] The motions are riddled with cryptic and incoherent references to principles of contract law, inapplicable federal statutes and regulations, and Bible verses,. [*See, e.g.,* Doc. 48 at 1-2; Doc. 83 at 3-5.] Even construing Defendant's motions liberally in light of his *pro se* status, none of those authorities provides a colorable basis for dismissing the Indictment.

witnesses and present his own witnesses. He will also have the opportunity at trial to move for judgment of acquittal after the close of the government's case. *See* Fed. R. Crim. P. 29; *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure.").[5]  Accordingly, Defendant's belief that the government's case lacks evidentiary support is not a proper basis for seeking dismissal of the Indictment in this case.

Defendant also argues that the Indictment should be dismissed because the government has not provided him with "verified evidence by means of a certified 'Oath of Office'" that the U.S. Attorney and the Assistant U.S. Attorney handling this case hold such offices. [Doc. 48 at 5 (emphasis in original).] He also contends that "the alleged defendants, firsthand party(ies), Real Part(ies) in interest never verified any subpoena(s) from a Grand Jury in the matter during the day of arrest, or at any time when presented with the 'accepted' flawed instrument." [*Id.* at 3.]

---

[5] Defendant makes a passing reference to a "vague misrepresentation" in the Indictment; however, he does not identify the alleged misrepresentation or why it is vague. Again, the proper vehicle for defendant to test the sufficiency of the government's evidence is at trial, not on a pretrial motion to dismiss.

There is no requirement that the attorneys for the government make such a certification. Nor does a defendant have a right to "verify" a grand jury subpoena as a prerequisite to being arrested or prosecuted. Accordingly, neither of these arguments provides a basis for dismissing the indictment.

Defendant additionally contends that he has been deprived of his constitutional right to defend himself in his case because he is being detained pending trial. [Doc. 68 at 2.] He similarly asserts that he has been prejudiced because the Court has denied two of his motions relating to increased access to the law library at the Robert A. Deyton Detention Facility. [*Id.*] Defendant, however, does not explain how his ability to defend himself has been adversely affected. In fact, the Court has twice granted extensions of time to Defendant to prepare and file pretrial motions, the Court has granted his request for copies of the documents that he filed in this case at no cost to him, and in this Order and Report and Recommendation, I have considered arguments that Defendant raised for the first time in his reply brief. [Docs. 43, 55 & 81.] Defendant also has access to the law library at the Robert A. Deyton Detention Facility, and, as the docket amply demonstrates, he has had no difficulty filing motions in this case.

Defendant's assertion that his detention has prejudiced his ability to defend himself is further undermined by his voluntary decision to decline appointed

counsel [*see* Doc. 33], and his continued refusal of the assistance of standby counsel [*see* Docs. 43 & 55]. The Court has also informed Defendant on two occasions that a criminal defendant who chooses to proceed *pro se* has no right to access a law library where, as here, he has voluntarily and knowingly declined the offer of appointed counsel. [*See* 43 at 3-4.[6]] Any resulting inconvenience to him is entirely of his own making, and does not warrant dismissing the Indictment.

Finally, Defendant appears to assert that the Indictment should be dismissed as a sanction against the government because he has been classified as a "prisoner" rather than a "pre-trial detainee" at the Robert A. Deyton Detention Facility, where he is currently being detained. He writes as follows:

> Let the record show, it is prima facie, I . . . do hereby invoke the extreme sanction for dismissal of the indictment under the "<u>due process</u>" clause, via misclassification/identification within the federal detention facility. Take notice that the defendant provided the clerk's office "proof of identity" per a "certificate of birth" and 42 U.S.C. 1986. Whereas, upon inspection of the current identification card issued by the said federal detention facility, the identification card alone evidences a violation of due process, etc.

---

[6] To be clear, Defendant does have access to the law library Robert A. Deyton Detention Facility—just not as frequently as he would wish.

[Doc. 68 at 3.[7]]

This argument is meritless. The manner in which the Robert A. Deyton Detention Facility may have classified Defendant is immaterial to the substance of the charges pending against him, and it does not provide a basis for the Court to "sanction" the government by dismissing the Indictment.[8]

Accordingly, I **RECOMMEND** that Defendant's "Writ in the Nature of a Motion to Dismiss Government Agents – Assistant U.S. Attorney Lynsey M. Barron and U.S. Attorney John A. Horn's Opinions with Prejudice" [Doc. 48] and a "Second Motion to Dismiss or Discharge With Prejudice" [Doc. 68] be **DENIED**.

    **E.**    **Motion to Allow Participation in Voir Dire [Doc. 72]**

Defendant moves for leave to participate in voir dire at the trial in this case. For the reasons discussed at the pretrial conference, that motion is **DEFERRED** to the Honorable Amy Totenberg.

---

[7] Defendant follows these statements with a chart comparing the status of a pretrial detainee to a "state prisoner/prisoner." [Doc. 68 at 3.]

[8] To the extent that Defendant contends that he is not the individual named in the Indictment, Defendant has not come forward with any colorable evidence to suggest that to be the case.

## II.   CONCLUSION

For the reasons discussed above, I **RECOMMEND** that Defendant's Motion for Severance for Alleged "Known and Unknown Others" in the Issued Indictment [Doc. 67]; Motion to Release Third-Party Electronic Device Items [Doc. 40]; Amended Motion for Return of Third-Party Seized Property [Doc. 51]; Writ in the Nature of a Motion to Dismiss Government Agents-Assistant U.S. Attorney Lynsey M. Barron and U.S. Attorney John A. Horn's Opinions With Prejudice [Doc. 48]; and Second Motion to Dismiss or Discharge With Prejudice [Doc. 68] be **DENIED**.

In addition, it is **ORDERED** that Defendant's Motion for Bill of Particulars [Doc. 53] be **DENIED**.

It is **FURTHER ORDERED** that Defendant's Motion to Allow Participation in Voir Dire [Doc. 72] be **DEFERRED** to the district court.

There are no pending matters before me, and I am aware of no problems relating to the scheduling of this case for trial.  It is therefore **ORDERED AND ADJUDGED** that this action be declared **READY FOR TRIAL**.[9]

---

[9] This action was certified ready for trial as to Defendant Stuart on April 15, 2016.  [Doc. 60.]

**SO ORDERED AND RECOMMENDED** this 3rd day of June, 2016.

_____
JOHN K. LARKINS III
United States Magistrate Judge