IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:16-CR-0072-AT |
| BARRINGTON M. HAMILTON and : | |
| CURTIS STUART, : | |
| Defendants. : | |

## **ORDER**

Presently before the Court is the Magistrate Judge's Report and Recommendation ("R&R") recommending that the Court deny multiple motions filed by Defendant Barrington Hamilton [Doc. 86]. These motions include Defendant Hamilton's Motion for Severance for Alleged "Known and Unknown Others" in the Issued Indictment [Doc. 67], Motion to Release Third-Party Electronic Device Items [Doc. 40], Amended Motion for Return of Third-Party Seized Property [Doc. 51], Writ in the Nature of a Motion to Dismiss Government Agents-Assistant U.S. Attorney Lynsey M. Barron and U.S. Attorney John A. Horn's Opinions With Prejudice [Doc. 48], and Second Motion to Dismiss or Discharge With Prejudice [Doc. 68]. Defendant Hamilton has filed a "Brief in Support of Justice" and an Affidavit of Truth which appear to constitute his objections to the R&R and the prosecution conducted here [Docs. 100, 101].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard. While neither of Defendant Hamilton's filings referenced here addresses the specific actual content of the Magistrate Judge's R&R, as Defendant Hamilton is proceeding pro se, the Court will give him the benefit of construing the submissions as posing specific objections to the R&R. Accordingly, the Court has reviewed each of his motions and the record in this case on an independent, de novo basis. After having conducted an independent review of Defendant Hamilton's motions, the Court finds that the Magistrate Judge is legally correct with respect to his findings and recommendations regarding each of the motions at issue[1] [Doc. 86]. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R [Doc. 86] and **DENIES** Defendant Hamilton's Motions, as identified above [Docs. 40, 48, 51, 67, 68.]

This case has been certified ready for trial [Doc. 68]. The Court notes that Defendant Hamilton and his co-defendant Curtis Stuart are both proceeding pro se. Additionally, Defendant Hamilton has filed an appeal of this Court's order denying his appeal of the Magistrate Judge's detention order [Doc. 102]. A

---

[1] Pursuant to the directives contained at the end of this order, the parties are to file their proposed voir dire questions. Defendant may file his proposed voir dire questions, and the Court will review his questions along with his Motion to Allow Participation in Voir Dire [Doc. 72] at the pretrial conference.

review of the docket in his appeal action indicates that the Government's brief is due September 19, 2016.  To allow both Defendants time to prepare for trial, as well as Defendant Hamilton time to continue briefing his appeal, trial in this matter is hereby set for Tuesday, January 17, 2017, at 9:30 AM in Courtroom 2308.  The pretrial conference is set for Friday, December 16, 2016, at 10:30 AM in Courtroom 2308.[2]  By November 1, 2016, the parties are to file the following: motions in limine and proposed voir dire questions. By November 1, 2016, the Government must file a brief summary of the indictment that the parties can rely on for voir dire. By November 25, 2016, the parties are to file any objections to those items listed above.

The time until January 17, 2017, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i) and (B)(iv).  The Court finds that the ends of justice are served and are consistent with both the best interest of the public and individual justice in this matter.  Failure to provide this continuance would likely result in a miscarriage of justice and would deny the pro se defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

**IT IS SO ORDERED** this 12th day of September, 2016.

_____
**Amy Totenberg**
**United States District Judge**

---

[2] The Court notes that as both defendants are proceeding pro se, a second pretrial conference might be necessary, thus it is allowing time between the initial pretrial conference and the trial date so that a second pretrial conference may be held, if necessary.