IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:16-CR-0072-AT-1 |
| BARRINGTON M. HAMILTON, : | |
| a/k/a JAAME AMUN RE EL, : | |
| : | |
| Defendant. : | |

## **ORDER**

This matter is before the Court is the Magistrate Judge's Report and Recommendation ("R&R") [Doc. 156] on Defendant's Motion to Suppress [Doc. 119], Defendant's Objections to the R&R [Doc. 165], and other filings by Defendant challenging this Court's jurisdiction and his continued pretrial detention [Docs. 159, 160, 163, 162, 164, 166, 167, 170, 172, 175, 176, 177, 179, 181, 182, 184, 185, 186, 188, 189, & 190].[1]

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and any non-objected portion on a "clearly erroneous" standard.

---

[1] Defendant's FOIA requests [Docs. 172, 175, and 185] are **DENIED** for the reasons set forth in this Court's February 14, 2017 Order [Doc. 173].

Defendant was arrested on February 24, 2016, pursuant to an arrest warrant on charges of conspiracy to commit bank fraud, three counts of bank fraud, structuring transactions to avoid bank reporting requirements, and retaliating against a federal officer by making a false claim. After placing Defendant in handcuffs, the local officers and federal agents performed a protective sweep and discovered evidence of bank fraud in plain view in Defendant's bedroom. The items found in plain view included purported "identification cards," and certain tax documents, including an Internal Revenue Service Form 56 which allows a person to appoint a fiduciary to be responsible for his tax return. Later that afternoon, a search warrant was obtained for Defendant's residence and other evidence was collected pursuant to the search warrant.

Defendant seeks to suppress evidence collected from his home during the course of his arrest on February 24, 2016, prior to the arresting officers having obtained a search warrant. Defendant also asserts that the subsequently obtained search warrant was defective because it was not shown to him upon his request and because the warrant did not contain a complete inventory of every item seized.

The Magistrate Judge recommends denying Defendant's Motion to Suppress on the following grounds: First, the Magistrate Judge found that the arresting agents did not violate Defendant's Fourth Amendment rights by searching his residence upon execution of an arrest warrant but without a search

2

warrant and seizing evidence found in plain view. (R&R at 7-8) (citing *Maryland v. Buie*, 494 U.S. 325, 334 (1990); *United States v. Sunkett*, 95 F. Supp. 2d 1367, 1367-69 (N.D. Ga. 2000); *United States v. Hromada*, 49 F.3d 685, 690 (11th Cir. 1995); *United States v. Tobin*, 923 F.2d 1506, 1513 (11th Cir. 1991)). Second, the Magistrate Judge found that the agents' failure to return the search warrant with a complete inventory was a ministerial defect that did not invalidate the search. (R&R at 10-11) (citing *United States v. Diecidue*, 603 F.2d 535, 562 (5th Cir. 1979); *United State v. Wilson*, 451 F.2d 209, 214 (5th Cir. 1971)). Next, the Magistrate Judge found that the agents were not required to show a copy of the search warrant to Defendant prior to searching his home, and were not required to leave a copy of the warrant with Defendant personally. (R&R at 11-12) (citing *United States v. Grubbs*, 547 U.S. 90, 98-99 (2006); Fed. R. Crim. P. 41(f)(1)). Finally, the Magistrate Judge found that Defendant's arrest was not invalidated as a result of the agents' alleged failure to show Defendant a copy of the arrest warrant. (R&R at 12-16) (citing Fed. R. Crim. P. 4(c)(3); *United States v. Bembry*, 321 F. App'x 892, 894 (11th Cir. 2009); *Bryson v. United States*, 419 F.2d 695, 701 (D.C. Cir. 1969)).

In his Objections to the R&R, Defendant challenges the authority of the officers and agents to conduct a search of his private residence pursuant to an arrest warrant as a substitute for a search warrant. However, Defendant concedes that the items seized by the officers during the protective sweep were in plain view. (*See* Objections at 8-9.) Instead, Defendant now argues that the

3

Court should suppress the evidence seized pursuant a subsequent search warrant obtained after Defendant's arrest, asserting that the "search warrant" was not based on probable cause. (*Id.* at 11-12.) Defendant does not provide any factual basis or support to substantiate his contention; however, Defendant's other filings are rife with references to the evidence seized as the fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 484–85 (1963) (holding that evidence is subject to exclusion when seized pursuant to a warrant based on information obtained as a result of an unlawful search); *Segura v. United States*, 468 U.S. 796, 804 (1984) ("[T]he exclusionary rule reaches not only primary evidence obtained as a direct result of an illegal search or seizure but also evidence later discovered and found to be derivative of an illegality or 'fruit of the poisonous tree.'"); *Nix v. Williams*, 467 U.S. 431, 443–44 (1984) (holding that if information is gained as a result of an illegal search and that information forms the basis upon which a magistrate issues a search warrant, the evidence discovered during the subsequent search may be subject to the exclusion). Defendant admits to having received a copy of the search warrant on March 22, 2016. As he was incarcerated at the time of the execution of the search warrant, the officers could not show him the warrant when it was executed.

The remainder of Defendant's challenges (unrelated to the suppression of evidence) asserted in the numerous filings referenced above are meritless. This criminal action is not a commercial contract dispute subject to unilateral settlement, discharge, or default judgment by Defendant. Defendant is not

entitled to release from detention based on principles of "Merchantile Law" or for any of the other reasons asserted in his filings.

The Court has conducted an independent review of Defendant Hamilton's motion, the R&R, Defendant's Objections to the R&R, and other filings. The Court finds that the Magistrate Judge's R&R is correct in all respects. And having failed to challenge the legality of his arrest on any viable legal basis and having conceded that items seized during the arrest were in plain view, Defendant has failed to establish a lack of probable cause for the subsequent search warrant. Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R [Doc. 156], **DENIES** Defendant's Motion to Suppress [Doc. 119], and **OVERRULES** Defendant's Objections [Doc. 165].

This case has been certified ready for trial [Doc. 156]. A separate order will be entered setting the trial date and other pretrial deadlines.

**IT IS SO ORDERED** this 1st day of September, 2017.

_____
**Amy Totenberg**
**United States District Judge**